

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

FILED
Jan 21, 2026
08:16 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

| | |
|---|---|
| Musshur Meener | Docket No. 2025-80-0048 |
| v. | State File No. 84369-2024 |
| Federal Express Hub, et al. | |

Appeal from the Court of Workers'
Compensation Claims
Shaterra R. Marion, Judge

---

**Affirmed and Remanded**

---

In this interlocutory appeal, the employee questions the trial court's order denying his request for additional medical and temporary disability benefits. The employee suffered compensable injuries in a fall and received authorized medical benefits. The authorized physicians assigned work restrictions, which the employer's representative testified could have been accommodated had the employee returned to work. After an expedited hearing, the trial court found the employee had not provided sufficient evidence to establish that he will likely prevail at trial and denied the employee's request for additional benefits. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Musshur Meener, Euless, Texas, employee-appellant, pro se

Joseph B. Baker, Memphis, Tennessee, for the employer-appellee, Federal Express Hub

**Memorandum Opinion[1]**

On November 17, 2024, Musshur Meener ("Employee") was loading a truck in the course of his employment as a seasonal worker at Federal Express Hub ("Employer") when he stepped on a cargo roller and slipped and fell. As a result of the fall, he alleged injuries to his neck and shoulder, and Employer provided authorized medical treatment with panel-

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

selected providers, first with a physician at an urgent care clinic and then with Dr. John Brophy, a neurosurgeon. Those physicians assigned work restrictions that limited Employee's ability to lift, twist, and turn. Employer offered Employee a position that it asserted complied with the recommended restrictions, and, although Employee initially accepted the offer of light duty work, he did not return to work for Employer.

In a series of motions and, ultimately, a request for an expedited hearing, Employee sought additional medical treatment, temporary disability benefits, and mileage reimbursement.[2] Although Employee's arguments are difficult to ascertain, he appears to have argued that Employer would not have been able to accommodate the medical restrictions assigned by his physicians and that, as a result, he is entitled to additional temporary disability benefits regardless of whether he actually returned or attempted to return to work.

With respect to the claim for additional temporary disability benefits, Employer's safety specialist testified at the expedited hearing that Employer would have been able to accommodate the restrictions assigned by the authorized providers, and no evidence was presented to the contrary. With respect to the claim for additional medical treatment, Employer maintained that it did not owe any additional benefits, as Dr. Brophy, the authorized physician, had placed Employee at maximum medical improvement ("MMI") with no impairment or restrictions. Employer also relied on Dr. Brophy's opinion that Employee's current complaints and need for treatment were not primarily caused by the work accident.

Following the expedited hearing, the trial court found that, although there is no dispute that Employee fell at work and suffered a strain/sprain injury, Employee had not presented sufficient evidence to establish he will likely prevail at a hearing on the merits in proving his entitlement to the additional benefits he is requesting. Specifically, the court observed that Employee had not presented any medical proof that his current symptoms and need for medical treatment are causally related to the work-related accident. The court also found that, given Employer's testimony that it could have accommodated Employee's restrictions had he returned to work, Employee did not establish an entitlement to additional disability benefits. Employee has appealed.

On his notice of appeal, Employee states, "denied benefit for [relief] temporary disability and medical benefit workers' compensation 66.3 medical bill." His brief on appeal reiterates his belief that he is unable to work and that he is entitled to temporary disability benefits. Employer, for its part, maintains in its appellate brief that it has

---

[2] The procedural history of this claim is long and contentious, including discovery disputes requiring court orders and a previous appeal. Our discussion includes only the history relevant to the issues presented in this appeal.

provided all workers' compensation benefits to which Employee is entitled pursuant to Tennessee's Workers' Compensation Law.

It is well settled that the employee in a workers' compensation case bears the burden of proving all essential elements of his claim, even at an interlocutory stage of the case. *See Scott v. Integrity Staffing Solutions*, No. 2015-05-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). Although an employee need only prove a likelihood of prevailing at trial to secure benefits at an interlocutory hearing, the employee must still come forward with sufficient evidence to convince the trial court that he or she is likely to prove entitlement to additional benefits at trial. *Thomas v. Zipp Express*, No. 2015-06-0546, 2016 TN Wrk. Comp. App. Bd. LEXIS 35, at *10 (Tenn. Workers' Comp. App. Bd. Aug. 2, 2016). Here, it was Employee's burden to come forward with sufficient evidence to convince the court he is likely to prevail at trial in proving his entitlement to the requested benefits. However, he has provided no legal authority or admissible evidence in support of his request. His authorized physician released him at MMI with no impairment and no restrictions and opined that any current need for treatment is not causally related to the work injury. Employee acknowledged during cross-examination at the expedited hearing that he did not have a physician's opinion taking him out of work. Further, we agree with the trial court that Employee has presented no evidence to establish he was entitled to additional temporary disability benefits given Employer's unrefuted offer to accommodate Employee's restrictions.

In sum, Employee has not met his burden of proof in establishing that he will likely prevail in proving that his current complaints and alleged need for medical treatment are primarily caused by the work injury. He has also not met his burden of establishing an entitlement to additional temporary disability benefits based on the evidence presented at the expedited hearing. *See Long v. Mid-Tenn. Ford Truck Sales, Inc.*, 160 S.W.3d 504, 511 (Tenn. 2005). Accordingly, we affirm the decision of the trial court and remand the case. Costs on appeal have been waived.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

Musshur Meener

v.

Federal Express Hub, et al.


Appeal from the Court of Workers'
Compensation Claims
Shaterra R. Marion, Judge

Docket No.  2025-80-0048

State File No.  84369-2024

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 21st day of January, 2026.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Musshur Meener | | | | X | musshurfragranceworld@gmail.com |
| Joseph B. Baker | | | | X | jbaker@mckuhn.com mdoherty@mckuhn.com |
| Shaterra R. Marion, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov